IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KEEP YELLOWSTONE NUCLEAR FREE, ENVIRONMENTAL DEFENSE INSTITUTE, MARY WOOLLEN, JOHN PEAVEY, AND DEBRA STANSELL,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES DEPARTMENT OF ENERGY, AND SAMUEL W. BODMAN, SECRETARY, UNITED STATES DEPARTMENT OF ENERGY,<br><br>Defendants. | Case No. CV-07-36-E-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

The Court has before it a motion to alter or amend a judgment filed by plaintiff KYNF. For the reasons expressed below, the Court will deny the motion.

### ANALYSIS

Plaintiff KYNF takes issue with the Court's conclusion that the LEP was designed to avoid a premature shutdown of the ATR, not extend its life-span. KYNF points out that the ATR began operations in 1969 and had an original life-span of 20 years. That means, KYNF argues, that the original life of the ATR

**Memorandum Decision and Order – Page 1**

expired in 1989, and that the LEP must have been designed to extend its life-span because it intended the ATR to operate well-beyond 1989.

KYNF provides persuasive evidence that the original life span of the ATR was designed to be 20 years, expiring in 1989. Just a year before that life span was due to expire, the DOE acted to extend it substantially, by implementing the "ATR Aging Evaluation and Life Extension Program" (AELEX). The goal of AELEX was to operate the ATR "to the year 2014 and perhaps beyond." *AR* at 25913. AELEX "concluded that the ATR could be operated well into the 21st century (2014)." *Id*. at 011497.

AELEX was clearly a program designed to increase substantially the life span of the ATR, and it did so. Whether AELEX should have been subjected to a NEPA analysis is an issue not now before this Court. By the time the LEP was implemented, the ATR's life span had been extended out to 2040 or so, as discussed in the Court's earlier decision. The LEP was designed to avoid a premature shut down in 2008, and allow the LEP to live out its full life to 2040. The Court therefore adheres to its original decision.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to alter

**Memorandum Decision and Order – Page 2**

judgment (Docket No. 62) is DENIED.



DATED: **April 28, 2008**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order – Page 3**